NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 6, 2017
Decided June 5, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1076

| | |
|---|---|
| JESSE H. SWINSON,<br>    *Petitioner-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | |
| | No. 1:14-cv-00484 |
| TIM HAINES, Superintendent,<br>    *Respondent-Appellee*. | William C. Griesbach,<br>*Chief Judge*. |

**O R D E R**

Jesse Swinson was convicted in 1996 in Wisconsin state court for fraud. Then, after failing to appear for sentencing, he pleaded guilty to an additional charge of bail jumping. He is currently serving a 29-year term of imprisonment. Swinson seeks habeas relief on the ground that prison officials allegedly violated his constitutional rights by excluding him from a drug rehabilitation program that might have led to an earlier release. For the reasons set forth below, we agree with the district court that Swinson's petition is procedurally barred. Therefore, we affirm the judgment below.

## I.    Background

In 1989, an internal audit at the Kohler Company discovered that Jesse Swinson had defrauded the company of more than a quarter-million dollars. Swinson, while being project manager for a Kohler mill-building project, had set up a dummy corporation that billed Kohler for goods never received, services never performed, or services performed by other contractors. A federal grand jury indicted Swinson on seventeen counts of mail fraud in violation of 18 U.S.C. § 1341, but at trial the district court dismissed sixteen of them because the government had failed to prove that checks had been mailed (an essential element of the offense). The jury convicted him on the final count, but this court reversed because of insufficiency of evidence and remanded for a judgment of acquittal. *United States v. Swinson*, 993 F.2d 1299 (7th Cir. 1993).

Swinson was then prosecuted in Wisconsin state court for the same conduct. In 1995, a jury found him guilty of fifteen counts of theft by fraud in violation of Wis. Stat. § 943.20(1)(d). When he failed to appear for sentencing, prosecutors charged him with bail jumping in violation of Wis. Stat. § 946.49(1)(b). The state court sentenced him to a total of 29 years' imprisonment for the offenses. He is still serving that sentence.

As it relates to this case, Swinson first unsuccessfully sought discretionary parole from the Wisconsin Parole Commission in 2010. He then petitioned to have his security classification downgraded from medium to minimum, but the Program Review Committee rejected that request and the Bureau of Offender Classification and Movement rejected his appeal. Swinson filed an unsuccessful petition for certiorari in Dane County Circuit Court, and then appealed to the Wisconsin Court of Appeals, which summarily affirmed and characterized many of his arguments as "incoherent, undeveloped, or unsupported by relevant factual and legal citations." The Wisconsin Supreme Court denied review, precipitating the current habeas petition.

## II.    Discussion

To preserve claims for federal habeas review, a petitioner must "fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). He must raise the federal issues "at each and every level in the state court system," or his claims will be considered procedurally defaulted. *Id.* at 1025–26. Such a default bars habeas relief "unless the petitioner can demonstrate both cause for and prejudice stemming from that default, or he can establish that the denial of relief will result in a miscarriage of justice." *Id.* at 1026 (citations omitted).

Like the district court, we conclude that Swinson has procedurally defaulted on his federal claims. As the district court repeatedly observed, Swinson's submissions to the Wisconsin courts "amount to a stew of decontextualized legal theories, irrelevant factual details, jumbled reasoning, and abstruse word choices." *Swinson v. Haines*, No. 14-cv-484, 2015 WL 9581878, at *3 (E.D. Wis. Dec. 31, 2015). We have held that an argument is not fairly presented if it is not stated "in terms so particular as to call to mind a specific constitutional right." *Kurzawa v. Jordan*, 146 F.3d 435, 441 (7th Cir. 1998) (quoting *Pierson v. O'Leary*, 959 F.2d 1385, 1393 (7th Cir. 1992)). Swinson's ramblings in the Wisconsin courts do not so qualify. The state courts simply never had a fair opportunity to rule on the claims Swinson presented to the district court.

Nor can Swinson avail himself of the narrow exceptions to procedural default. He cannot establish cause that would excuse him from default. He has not identified any external impediment—nor can we think of one—that prevented him from intelligibly raising his federal claims in the Wisconsin courts. His status as a *pro se* petitioner is not enough. See *Salberg v. United States*, 969 F.2d 379, 383 (7th Cir. 1992). And he certainly cannot show that the denial of relief would result in a miscarriage of justice, a term the Supreme Court has reserved for "a constitutional violation [which] probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Therefore, we hold that Swinson's federal habeas claims are barred.[1]

### III.    Conclusion

For the reasons stated above, we conclude that Swinson did not give the Wisconsin state courts a fair opportunity to rule on the federal claims he raised below. His filings in the state courts were simply inadequate, and it would have been nearly impossible for the courts to determine the nature of his claims. Therefore, Swinson's habeas petition is barred. The judgment of the district court is AFFIRMED.

---

[1] Even were we to consider the merits of Swinson's claims, they would fail for the reasons stated in the district court's well-reasoned opinion. See *Swinson*, 2015 WL 9581878, at *6–7.